UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
MAY 21 2009
CLERK

| THOMAS JENSEN, | ) | CIV. 09-5006 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PENNINGTON COUNTY POLICE | ) | |
| DEPARTMENT; DIANE RAGA, | ) | |
| Medical Supervisor; LT. JOSEPH | ) | ORDER |
| MCDONALD; CASEY L. MUNSCH; | ) | |
| COMMANDER PHILLIP GREER; | ) | |
| LINDEE L. HANDLEY; LYNNE | ) | |
| BANNING; DONETTA BANNING; | ) | |
| DON G. HOLLOWAY, Sheriff of | ) | |
| Pennington County; R.N. LAURIE | ) | |
| GOOD, Registered Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff seeks redress under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen each case prior to service. Under these statutes, a case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. A case may be dismissed for failure to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations . . . .'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]" Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832. Accordingly, the Court examines plaintiff's complaint to determine the presence of legitimate claims.

Plaintiff first alleges that defendants were deliberately indifferent to his serious medical needs. Plaintiff alleges that he sprained his knee and received an ice pack. When he requested another ice pack the next day he did not receive it.

For plaintiff to prove his § 1983 claim, he must show "that the defendants were deliberately indifferent to his serious medical needs." Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). "A prison official exhibits deliberate indifference when the official actually 'knows of and disregards' a prisoner's serious medical needs." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (quoting Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)). The Eighth Circuit has defined a "serious medical need" as one that is "either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995). Furthermore, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th

Cir. 2000) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).

In the instant case, plaintiff's allegations, at most, state a claim of negligence. His allegations do not show deliberate indifference to a serious medical need. In fact, the complaint shows that he was treated for his sprained knee but did not receive the follow-up care that he requested. "Prisoners do not have a constitutional right to any particular type of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). As a result, the Court finds that plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff also alleges his rights were violated when he requested that he be given Ensure, a calcium supplement, and prison officials responded that this was not available. Plaintiff further alleges that his constitutional rights were violated when he requested psychotherapy treatment which he did not receive. Finally, plaintiff alleges that the failure of officials to provide him with a glasses kit so that he could tighten the screws in his glasses amounted to a constitutional violation.

Again, plaintiff fails to state claims upon which relief may be granted. Plaintiff has not alleged indifference to serious medical needs. Furthermore, as stated previously, plaintiff is not entitled to receive a particular treatment at his own behest. See Long, 86 F.3d at 765. These claims simply do not allege constitutional violations.

Plaintiff also alleges that his constitutional rights were violated when prison officials failed to provide him with a refill of naproxen as he requested. A careful

reading of plaintiff's complaint shows that plaintiff had a prescription for naproxen on an "as needed" basis. When he submitted grievances regarding not receiving the medication, prison officials attempted to contact the doctor with little success. The medication, however, was available to plaintiff on the "cart" if plaintiff requested the medication. Plaintiff did not know that the medication was available to him on the cart. The Court finds that these allegations do not allege the elements of a constitutional violation. At most, plaintiff has alleged negligence. As stated previously, negligence is not actionable under § 1983.

The claim also fails if construed as one alleging a delay in treatment. "'An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.'" Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994) (footnote omitted)). Plaintiff has not alleged that the delay in treatment was detrimental in any way. "Without any allegation that the defendants ignored an acute or escalating situation involving a serious medical condition," the Court cannot conclude that the delay amounted to deliberate indifference. Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). As a result, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff also alleges that his constitutional rights have been violated by prison

officials' interference with the sending and delivery of mail. Plaintiff contends that prison officials have "stolen" his mail and unlawfully interfered with his mail. Plaintiff alleges that these violations of his rights occurred when prison officials failed to send mail he sent to individuals outside of the prison system. Prison officials contend that plaintiff is prohibited from contacting these individuals pursuant to a court order. Plaintiff also alleges his rights were violated by prison officials when they failed to deliver his magazine subscription to "American Curves." Prison officials have informed plaintiff that inmates are not allowed to receive such magazines. Finally, plaintiff claims that his rights are violated by the delay in the posting of his mail as it takes several days to get through the prison mail system to the United States Postal System.

The Eighth Circuit has held that "a prisoner's personal outgoing mail is unrestricted unless it falls into categories which present a threat to prison order and security, such as, but not limited to, 'escape plans, plans related to ongoing criminal activity, and threats of blackmail or extortion.'" Leonard v. Nix, 55 F.3d 370, 374 (8th Cir. 1995) (quoting Thornburgh v. Abbott, 490 U.S. 401, 412, 109 S. Ct. 1874, 1881, 104 L. Ed. 2d 459 (1989)). The Court believes that letters to individuals with whom plaintiff has been ordered to have no contact falls into these categories. As a result, the Court finds that plaintiff has failed to state a claim upon which relief may be granted.

Furthermore, with regard to plaintiff's claims regarding delays, the Eighth Circuit has stated that "[a]bsent claims of intentional delay, . . . mere delay in delivery of prisoner mail, especially any delay that occurs over the weekend, is not unreasonable and thus fails to raise a constitutional question." Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (citations omitted). See also Sizemore v. Williford, 829 F.2d 608, 611 (7th Cir. 1987). As plaintiff has not alleged intentional delays, the claim does not allege a violation of plaintiff's constitutional rights.

With regard to plaintiff's contention that the prison is prohibiting him from receiving his magazine subscription in violation of his First Amendment rights, the Court finds that plaintiff has stated a claim upon which relief may be granted. The Eighth Circuit has previously recognized "that inmates have a right to receive mail. . . ." Weiler v. Purkett, 137 F3.d 1047, 1050 (8th Cir. 1998). That right however "may be limited by prison regulations that are reasonably related to legitimate penological interests." Id. (citing Turner v. Safley, 482 U.S. 78, 89, 92, 107 S. Ct. 2245, 2261-63, 96 L. Ed. 2d 1987). As a result, the Court finds that this claim should proceed so that defendants may set forth their reasons for the limiting plaintiff's receipt of this magazine subscription.

Plaintiff also alleges that prison officials have been illegally using his prisoner trust account when his account was charged for items purchased by another inmate with the same name. The Court finds that this allegation does not rise to the level of a

constitutional violation. As a result, this claim shall not proceed forward.

Plaintiff's final claim under § 1983 is that he has been denied access to a law library. Plaintiff contends that he has effectively been denied access to a law library because inmates are only allowed to visit the library when there is an officer to stand guard and then the inmate is limited to a small amount of time to work in the library.

"The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (quoting Lewis v. Casey, 518 U.S. 343, 354, 116 S. Ct. 2174, 2181, 135 L. Ed. 2d. 606 (1996)). The Court in Lewis also stated that "[t]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354, 116 S. Ct. at 2182. The Court finds that plaintiff's constitutional rights have not been violated by having periodical access to the law library. As a result, plaintiff has failed to state a claim upon which relief may be granted.

Having determined that plaintiff's First Amendment claim regarding the receipt of his magazine subscription is a claim for which he may be granted relief, the Court shall order service of the complaint. The complaint, however, shall be served only on those defendants alleged to have been personally involved with this claim. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (citing Marchant v. City of Little Rock, 741 F.2d 201, 204-05 (8th Cir. 1984)). Plaintiff has only alleged the personal involvement of Don Holloway, Sheriff of Pennington County, and Commander

Phillip Greer. As a result, the remaining defendants, Diane Raga, Lt. Joseph McDonald, Casey Munsch, Lindee Handley, Lynne Banning, Donetta Banning, Laurie Good, and the Pennington County Police Department, therefore, shall be dismissed. Accordingly, it is hereby

ORDERED that all claims, except plaintiff's First Amendment claim regarding his magazine subscription, are dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that defendants Diane Raga, Lt. Joseph McDonald, Casey L. Munsch, Lindee L. Handley, Lynne Banning, Donetta Banning, R.N. Laurie Good, and Pennington County Police Department shall be dismissed from this action.

IT IS FURTHER ORDERED that the Clerk of Courts shall prepare the summons, complaint, and amended complaint for service and such will be served upon the remaining defendants Don G. Holloway and Commander Phillip Greer, by the United States Marshal's Service.

Dated this 22nd day of May, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE