UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS JENSEN, | ) | CIV. 09-5006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| COMMANDER PHILLIP GREER; | ) | |
| DON G. HOLLOWAY, Sheriff of | ) | |
| Pennington County, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. In an Order dated May 22, 2009, the Court dismissed a number of plaintiff's claims. The Court did conclude, however, that plaintiff's claim that defendants violated his First Amendment rights by withholding his magazine subscription was a claim upon which relief could be granted. The Court ordered service of the complaint and required defendants to answer. Defendants now move for summary judgment alleging that the regulation prohibiting possession of magazines is reasonably related to penological interests and that defendants are protected by the doctrine of qualified immunity.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to a judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of

the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986) (citations omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356 (citation omitted).

## DISCUSSION

Plaintiff contends that defendants violated his First Amendment rights when they prohibited him from receiving his magazine subscription. Defendants contend that plaintiff is currently classified as a maximum security inmate. Defendants' Statement of Material Facts, ¶ 8. In accordance with the policy of the Pennington County Jail, maximum security inmates are forbidden from possessing magazines. ¶ 12. Defendants state that the purpose of this policy is two-fold: to prevent inmates from manufacturing weapons out of the magazines, and to serve as an incentive to encourage inmates to qualify for a lower security classification. ¶¶ 12-13, 16.

The Court first notes that plaintiff has not responded to defendants' motion for summary judgment or statement of material facts. Under Local Rule 56.1, "[a]ll

material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." D.S.D. CIV. LR 56.1. The motion for summary judgment and accompanying statement of material facts was filed on August 10, 2009. Plaintiff had 20 days to respond to said motion. See D.S.D. CIV. LR 7.2(A). As more than 55 days have passed and plaintiff has not filed a response or motion for an extension of time, the Court deems that all the facts set forth in defendants' statement of material facts are admitted by plaintiff. Regardless, the Court finds that under the pertinent caselaw, plaintiff's claim must fail.

In Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89, 107 S. Ct. at 2261. To determine if a regulation is reasonably related to a legitimate interest, the Court is to consider four factors. See id. at 89-90, 107 S. Ct. at 2262. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." Id. at 89, 107 S. Ct. at 2262. Next, the Court must consider "whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 90, 107 S. Ct. at 2262. Third, the Court should consider "the

impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." Id. The final consideration for the Court is that "the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id.

In reviewing the facts of this case, the Court finds that prison security and behavior modification, which are the reasons defendants have cited for implementing the regulation, are legitimate penological objectives. The regulation is rationally related to the objectives that defendants are trying to meet. Furthermore, the inmates affected by the regulation may communicate with the "outside world" during visitations with family or the jail chaplain. Defendants' Statement of Material Facts, ¶ 15. They also have access to reading materials through the jail library as well as access to newspapers and television. Id. As a result, inmates do have alternative methods for exercising their First Amendment rights. Accordingly, the Court finds that the regulation is not violative of plaintiff's constitutional rights. This conclusion is also supported by pertinent caselaw.

In Beard v. Banks, 548 U.S. 521, 126 S. Ct. 2572, 165 L. Ed.2d 697 (2006), the United States Supreme Court addressed a similar policy which prohibited access to newspapers and magazines, among other items, by inmates housed in a long term segregation unit. 548 U.S. at 526, 126 S. Ct. at 2576. In Beard, prison officials

contended that the policy was necessary to motivate better behavior on the part of inmates, to minimize the amount of property possessed by the inmates, and to eliminate materials that inmates might use as weapons. Id. at 531, 126 S. Ct. at 2579. The United States Supreme Court found that such a policy was reasonably related to penological interests and did not violate the inmate's constitutional rights. Id. at 533, 126 S. Ct. at 2580.

As a result, based upon the foregoing discussion, the Court finds that the regulation implemented by defendants does not violate plaintiff's constitutional rights. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket #36) is granted.

Dated this 7th day of October, 2009.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE